## WRIGHT v. COUNTY TREASURER OF OSAGE COUNTY et al.

No. 15414—Opinion Filed April 20, 1926.

(Syllabus.)

**Parties — Indians — Lack of Capacity to Sue—Action by Superintendent of Osage Agency to Recover Taxes Paid on Indian Lands Under Protest—Petition Demurrable.**

Where plaintiff seeks to maintain an action in the capacity of a representative or trustee for another person, and pleads that his authority to act is derived from a legislative enactment (an act of the national Congress), and a demurrer is interposed to such petition on the ground, among others, that the plaintiff has no legal capacity to sue, his capacity to sue depends upon the construction to be given to the legislative enactment on which he relies, and is therefore purely a question of law.

In the instant case, we think that the trial court in sustaining the demurrer properly construed the act from which the plaintiff asserted his authority to maintain the suit, and that the demurrer to the petition was properly sustained.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by J. George Wright, as Superintendent of Osage Indian Agency, etc., against the County Treasurer and County Commissioners of Osage County. Action dismissed, and plaintiff brings error. Affirmed.

Joseph W. Howell and Arthur T. Woodward, for plaintiff in error.

Preston A. Shinn and Charles L. Roff, for defendants in error.

BRANSON, V. C. J. This cause presents error from the district court of Osage county. The parties appear in the relative positions they occupied in the district court. J. George Wright sued the county treasurer of Osage county. Okla., and the board of county commissioners of said county. The suit was brought by him as Superintendent of the Osage Indian Agency, and as trustee for and next friend of Arkahme, Osage allottee 811, and numerous other restricted Osage Indians. In his petition he alleges that by reason of the authority vested in him by the Secretary of the Interior, and under section 4 of the Act of Congress of March 3, 1921 (41 Stat. at L. 1249), that it is his duty to pay taxes on the lands belonging to certain Osage Indians. That he paid the taxes on such lands for the fiscal year 1923-24, amounting to a large sum of money, and at the time of paying said taxes, notice was given that within the time provided by the law of the state he would bring suit against the county treasurer to recover the money so paid, and that said money sought to be recovered was accepted by the county treasurer with notice that suit would be brought in the time and manner as provided by law, and that the instant suit was so brought. He seeks to recover said money in his petition, on numerous grounds, mostly going to allegations which he contends make the levy for the year above mentioned made by the excise board of Osage county void. It it not contended that the lands subjected to taxation on which the taxes were paid were property owned by such Indians, exempted from the burdens of taxation, but the allegations in the petition show that it was based upon the alleged failure of the board of county commissioners and the excise board to perform, as provided by law, the preliminary steps before a determination is reached as to the amount of taxes to be raised; that the rate

of taxation was excessive, and the entire levy void by reason thereof.

To the petition so filed, a demurrer was interposed by the defendants upon several grounds, as to some of which the demurrer was overruled by the trial court, and as to others sustained. Among the grounds on which the demurrer was sustained was one which went to the legal capacity of the plaintiff to maintain the suit.

The plaintiff elected to stand upon his petition; judgment was rendered dismissing the same, from which he appeals. If the demurrer was properly sustained on the ground that the plaintiff had no legal capacity to maintain the action, we deem it unnecessary to inquire into whether or not the trial court committed error in sustaining the demurrer on other grounds set forth therein. On this particular ground of the demurrer, plaintiff in error says that the petition shows that he is Superintendent of the Osage Indian Agency, and as such has control and supervision of the funds of restricted Osage Indians; that by reason thereof he holds said funds as trustee, and that by reason of the authority vested in him by the Secretary of the Interior, and pursuant to the Act of Congress of March 3, 1921, it was his duty to pay such taxes. That he, acting through his representative, did pay the same to the defendant, the county treasurer of Osage county, and that the same was accepted by such treasurer. At the same time and place, notice was given as provided by the law of this state that suit would be instituted to recover the same. It is his contention that the petition sets forth the authority vested in him, and his duty with respect to paying the taxes, and that such allegations bring him within the rule laid down by this court as to those authorized to maintain an action. He cites section 287, C. O. S. 1921, which in effect states that allegations of the execution of written instruments, the existence of a corporation, **or of any appointment of authority** shall be taken as true, unless the denial thereof be verified. He cites the case of City of Ardmore v. Sayre, 54 Okla. 779, 154 Pac. 356, which is to the effect that an allegation of the appointment or authority of a public officer is an admission of the title of the officer, as alleged, and of his power and authority to perform the duties and functions pleaded. He cites the case of Gaar, Scott & Co. v. Rogers, 46 Okla. 67, 148 Pac. 161, which is to the effect that a general allegation of agency cannot be put in issue, except the denial thereof is verified. He also cites the case of McCabe & Steen Con. Co v. Wilson, 17

Okla. 355, 87 Pac. 320, to the effect that where the appointment and authority of a superintendent of construction is alleged, and denied without verification, the allegation of the petition is admitted.

We do not think that any of these cases govern here. Plaintiff pleads, in effect, that his authority comes from section 4 of the said Act of March 3, 1921, and this section **provides:**

"That from and after the passage of this act the Secretary of the Interior shall cause to be paid at the end of each fiscal quarter to each adult member of the Osage Tribe having a certificate of competency his or her pro rata share, either as a member of the tribe or heir of a deceased member, all the interest on trust funds, the bonus received from the sale of leases, and the royalties received during the previous fiscal quarter, and so long as the income is sufficient to pay to the adult members of said tribe not having a certificate of competency $1,000 quarterly except where incompetent adult members have legal guardians, in which case the income of such incompetent shall be paid to their legal guardians, and to pay for maintenance and education to the parents or natural guardians or legal guardians actually having minor members under 21 years of age personally in charge $500 quarterly out of income of said minors all of said quarterly payments to legal guardians and adults, not having certificates of competency, to be paid under the supervision of the Superintendent of the Osage Agency, and to invest the remainder after paying **all the taxes of such members** either in United States bonds or in Oklahoma state, county, or school bonds, or place the same on time deposits at interest in banks in the state of Oklahoma for the benefit of each individual member under such rules and regulations as the Secretary of the Interior may prescribe."

It must be noted that this act provides that the Secretary of the Interior should cause certain payments to be made to certain Osage Indians, and certain other payments to be made to other classes of Indians, and that the Secretary shall "invest" the remainder, after paying all the taxes of such members, either in United States bonds, or in Oklahoma state, county, or school district bonds, or place the same on time deposits, at interest, in banks in the state of Oklahoma, for the benefit of each individual member, under such rules and regulations as the Secretary of the Interior may prescribe.

Prior to the passage of this last-named act, it seems to have been the duty of each member of the Osage Tribe to pay his own taxes,

and the last-named act requires the same to be done by the Secretary of the Interior.

Under the Act of June 28, 1906, the lands of the Osage Nation were allotted to the citizens thereof; that is to say, the surface of the land was set apart, so much to each citizen, and the surface so allotted was made taxable. It further provided that the funds belonging to the Osages should be held in trust. It required that the royalty arising from the oil, gas, and other minerals should be placed in the treasury of the United States to the credit of the respective members of said tribe, and distributed to the different members as in said act provided The performance of the requirements of said last-named act, as well as the act of 1921, was specifically charged to the Secretary of the Interior, a specific officer, the statute enjoining the same being pleaded by the plaintiff herein. We know no rule which would authorize such officer to delegate to a local representative, acting under his direction, the authority to bring and maintain a suit for the recovery of money with which he had, as he herein contends, unlawfully been required to part with, and which he had held as trustee for the benefit of the Indians. If the money should be recovered, it would be held in trust for the benefit of the citizens of the Osage Tribe, referred to in the petition, but the trustee is not the Superintendent of the Osage Agency.

We do not fail to recognize that under the law of this state a suit may be maintained by the real party in interest, or the trustee of an express trust. Such a trust and the duty of acting as such trustee may no doubt be created for the benefit of another, solely by specific legislative enactment. We are not called upon here to determine whether the Act of March 3, 1921, made the Secretary of the Interior, when said act is construed with the said act of 1906, the trustee, or whether it made the United States the trustee. But we fail to find anything in either act which made the Superintendent of the Osage Agency the trustee. As we construe it, he at most is merely the representative of the Secretary of the Interior in carrying out the duties imposed by Congress upon that officer. He is not such a person as is authorized, under the act pleaded, to sue as the real party in interest, or as the trustee of the Indians. Since the source of his authority is pleaded in the petition, the demurrer properly raised the question of his capacity to sue, and the conclusion of the trial court as to the same was correct.

We affirm the judgment of the district court.

NICHOLSON, C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 31 C. J. p. 484 § 12 (Anno); 31 Cyc. p. 297.